UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                        PLAINTIFF

vs                                    CIVIL ACTION NO. 3:13CV-658-CRS
                                   CRIMINAL ACTION NO. 3:09CR-79-CRS

RECO A. MATLOCK                              DEFENDANT

## **MEMORANDUM OPINION**

This matter is before the court for consideration of Findings of Fact, Conclusions of Law, and Recommendation of the United States magistrate judge addressing defendant Reco A. Matlock's motion to vacate his sentence, and Matlock's objections filed thereto. For the reasons stated herein, the objections will be rejected and the magistrate judge's report will be accepted and adopted in its entirety.

Matlock was convicted of possession of 5 grams or more of crack cocaine with intent to distribute, use of a firearm during and in relation to a drug trafficking crime, and being a felon in possession of a firearm. On June 29, 2010, he was sentenced to a mandatory minimum sentence of 60 months on the crack cocaine charge to be served consecutively to a 60-month sentence imposed on count 2 for a total term of imprisonment of 120 months with a 5-year term of supervised release. Matlock filed a notice of appeal on July 9, 2010.

On August 3, 2010, the Fair Sentencing Act ("FSA") took effect amending the crack cocaine guidelines to "increase the amount of crack cocaine needed to activate the same

mandatory minimum[ sentences]…Through these changes, the Fair Sentencing Act significantly reduced, but did not eliminate, a sentencing disparity between offenses involving crack and powder cocaine." *United States v. Blewett*, 746 F.3d 647, 649 (6th Cir. 2013).

Pursuant to the general saving statute, 1 U.S.C. § 109, a law that reduces statutory penalties is presumed not to alter penalties which were incurred by defendants before the effective date of the new law. *See Blewett*, 746 F.3d at 650. On June 21, 2012, the United States Supreme Court issued a decision holding that the FSA applies retroactively to those crack cocaine defendants who committed their offenses prior to the August 3, 2010 effective date of the Act but who were sentenced after its effective date. *Dorsey v. United States*, 132 S.Ct. 2321 (2012).

Matlock was sentenced prior to August 3, 2010, but his appeal was still pending when the *Dorsey* decision was rendered. Matlock argued in his direct appeal that (1) the district court abused its discretion when it denied his oral motion to continue his sentencing until November of 2010, and (2) the FSA applies to his case. In its decision addressing these issues, the United States Court of Appeals for the Sixth Circuit stated:

> …Matlock alleges that the FSA applies to defendants sentenced before the Act's effective date but whose cases are not yet final…[H]is FSA claim is meritless. [citations omitted].

*United States v. Matlock*, App. No. 10-5828 at p. 3. As correctly found by the magistrate judge, Matlock is attempting to argue for a second time that his conviction was not "final" because his direct appeal remained pending when the *Dorsey* decision was rendered, and he is therefore entitled to a sentence reduction.

Matlock is procedurally barred from re-litigating a claim previously raised on direct appeal, absent exceptional circumstances. *Dupont v. United States*, 76 F.3d 108, 110 (6th Cir. 1996). Matlock urges that the issue he presents in the present motion is different from his argument on

direct appeal because *Dorsey* "did not directly rule" on the "particular issue" raised here (DN 81, p. 3); that is, whether a defendant who was sentenced before the FSA went into effect but whose appeal was pending on the effective date is entitled to receive retroactive application of the FSA.

The issue raised in Matlock's direct appeal is identical to the issue raised here. As noted by the magistrate judge, the Court of Appeals specifically addressed the applicability of *Dorsey* to Matlock's sentence. It found meritless that Matlock's argument that the FSA applied to his sentence which was not yet final, and stated that "*Dorsey v. United States*, 132 S.Ct. 2321 (2012), does not alter [its conclusion that Matlock's claim is meritless] because *Dorsey* addressed defendants sentenced after the FSA's effective date, August 3, 2010, and Matlock was sentenced before that date, *see, e.g. id.* at 2331. Accordingly, we decline to grant relief on this issue." *United States v. Matlock*, App. No. 10-5828 at p. 3. Therefore, the issue may not be re-litigated here.

The magistrate judge correctly concluded that Matlock has failed to identify exceptional circumstances which would persuade the court to consider the issue for a second time. He urges that certain cases cited by the Sixth Circuit are no longer "good law." But the magistrate judge aptly noted that "whether the authority relied on by the Sixth Circuit to reject that identical issue may now be subject to re-examination misses the point. What is critical is the nature of the issue previously raised, rather than the specific authority cited to reject it." DN 80, p. 8.

Matlock raises an additional argument which the magistrate judge dispatched, quite correctly, in a single paragraph. Matlock argues that if he does not receive a sentence reduction pursuant to the FSA, he will suffer a violation of the equal protection component of the Fifth Amendment's Due Process Clause. However, a majority of the Sixth Circuit Court of Appeals sitting *en banc* in *Blewett, supra.*, concluded that a failure to make the FSA fully retroactive does not result in a constitutional violation:

3

> Long before passage of the Fair Sentencing Act, our court and others repeatedly rejected similar constitutional challenges to the crack and powder cocaine sentencing disparities. *See United States v. Blair*, 214 F.3d 690, 702 (6th Cir. 2000)("The law is well settled in this circuit that the [crack-powder] ratio withstands constitutional scrutiny.") *see also, e.g. United States v. Garcia-Carrasquillo*, 483 F.3d 124, 134 (1st Cir. 2007); *United States v. Samas*, 561 F.3d 108, 110 (2d Cir. 2009); *United States v. James*, 78 F.3d 851, 853 n. 2 (3d Cir. 1996);[additional citations omitted]. Congress' *mitigation* of the crack and powder disparities does not weaken these precedents; it strengthens them. Besides, the Blewetts cite no cases that call these conclusions into question. "This is not due to a lack of diligent research; it is due to the lack of any such cases." *Blewett,* 719 F.3d at 495 (Gillman, J. dissenting).

746 F.3d at 658. Matlock's argument that the *Blewett* majority's equal protection argument is flawed parrots language from the dissents which, while interesting, are not controlling authority for this court.

Finally, Matlock objects to the magistrate judge's recommendation to deny him a certificate of appealability ("COA") in this matter. Matlock quotes *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), in part:

> [A] COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

This court agrees with the magistrate judge that Matlock is not entitled to a COA. It is beyond debate that he impermissibly seeks to re-litigate an issue presented on direct appeal and decided adversely to him. In any event, the resulting denial of the requested sentence reduction does not, as a matter of law, implicate an equal protection violation, as the majority in *Blewett, supra.*, made clear.

For the reasons set forth herein, the magistrate judge's report will be accepted and adopted and Matlock's motion to vacate his sentence pursuant to 28 U.S.C. § 2255 will be dismissed by

separate order.

February 1, 2016

**IT IS SO ORDERED.**

**Charles R. Simpson III, Senior Judge
United States District Court**